UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

DAVID PEDERSEN, an individual,

    Plaintiff,

vs.

JESSE JOLLIE, an individual; NEWCHERRYMASTER, LLC, a Wisconsin limited liability company; and XTREME GAMING, a Wisconsin business entity,

    Defendants.

Case No. 16-CV-855

JURY TRIAL DEMANDED

# COMPLAINT

COMES NOW Plaintiff David Pedersen, by and through counsel, and for his Complaint alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff, David Pedersen ("Pedersen"), is an individual who resides in Reno, Nevada, having an address of 2160 Alphabet Drive, Reno, NV 89502.

2. Defendant Jesse Jollie ("Jollie") is an individual who resides in Waukesha County, Wisconsin, having an address of N82W23447 Five Iron Way, Sussex, WI 53089.

3. Defendant NewCherryMaster, LLC ("NewCherryMaster") is a Wisconsin limited liability company located and regularly conducting business in Waukesha County, having an address of N82W23447 Five Iron Way, Sussex, WI 53089.

4. Defendant Xtreme Gaming ("Xtreme") is a Wisconsin business entity located and regularly conducting business in Waukesha County, having an address of N82W23447 Five Iron Way, Sussex, WI 53089.

5. Defendant Jollie, upon information and belief, directs and controls the actions of Defendants NewCherryMaster and Xtreme, and has authorized, controlled and directed Defendants NewCherryMaster and Xtreme, and both of them, to engage in the acts herein described. Defendant Jollie also receives pecuniary benefit from Defendant NewCherryMaster's and Defendant Xtreme's activities in this regard.

6. This Court has subject matter jurisdiction over the Pedersen's claim for declaratory relief pursuant to the provisions of 28 U.S.C. §§ 2201 and 2202. This Court also has subject matter jurisdiction over Pedersen's claim for declaratory relief pursuant to 28 U.S.C. §§ 1331 and 1338(a), because it arises under the provisions of the federal Copyright Act of 1976, as amended, 17 U.S.C. § 101, et seq. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

7. This Court has personal jurisdiction over Defendants, and each of them, because they have continuous and systematic contacts with the State of Wisconsin, County of Waukesha, and regularly conduct business in Wisconsin, and Defendants, and each of them, committed the acts complained of below within this judicial district. Wis. Stat. § 801.05(1)(a) & (b).

8. Venue is proper in the United States District Court for the Eastern District of Wisconsin under 28 U.S.C. §§ 1391(b) and 1400(a), because all defendants reside in this district.

**FACTUAL ALLEGATIONS**

9. Pedersen is a software engineer with over thirty (30) years of experience, who specializes in designing and developing gaming software.

10. In or around December 2009, Jollie approached Pedersen about building a gaming platform that would permit multiple games to be played on one touchscreen machine (the "Gaming Platform").

11. On December 17, 2009, Pedersen and Defendants NewCherryMaster and Jollie entered into an Independent Contractor Agreement (the "2009 Agreement").

12. Under the 2009 Agreement, Pedersen was to provide "source code programming" engineering services for the Gaming Platform. In exchange, Defendants were obligated to pay Pedersen at certain intervals of completion.

13. The 2009 Agreement also included a provision for an ongoing royalties payment to Pedersen, which was included as an enticement to Pedersen because Jollie claimed to have an existing base of customers comprising approximately 1000 machines, most of whom were allegedly eager to replace their existing games with the new Gaming Platform.

14. The 2009 Agreement expressly stated that Pedersen was an independent contractor.

15. The 2009 Agreement is silent regarding ownership of the copyrights in and to the source code for the Gaming Platform.

16. Source code is copyrightable subject matter and is therefore subject to the Copyright Act.

17. The person(s) who create(s) a copyrightable work is the one who owns the copyrights in the work, unless the work was created as a work made for hire or rights have been transferred by way of written agreement. 17 U.S.C. §§ 201 & 204.

18. A work made for hire must either be prepared by an employee within the scope of his employment or specially commissioned in a written agreement expressly stating the work is a work made for hire. 17 U.S.C. § 101.

19. Pedersen performed the source code development services to NewCherryMaster as an independent contractor.

20. The parties entered into no agreement by which Pedersen transferred his ownership rights in the copyrights related to the source code he developed as an independent contractor.

21. The source code developed by Pedersen under the 2009 Agreement were not works made for hire.

22. Pedersen is the rightful owner of the source code for the Gaming Platform.

23. Pedersen has applied for three (3) copyright registrations on or related to the source code for the Gaming Platform, including the "WinEngine Game Results Generator" (generates game results based on a variable number of possible outcomes, according to the rules provided) and the "Gaming Platform Game Template" (base game template for reel-based slot play). Pedersen jointly worked with Mr. Hugues Jerome, who is also a software engineer, on the "Piste Game Presentation Engine" (loads, manages, displays and/or plays graphic images, animations and audio files), and both are listed as joint authors on the application.

24. Shortly after entering into the 2009 Agreement, it became clear that the project would not be completed within the original six (6) month contracted time period because of a change in the specifications to the project, and was extended by mutual agreement. All parties agreed the changes were necessary to create a successful product and meet mutual goals with the Gaming Platform. However, the project took a couple of years due largely in part to unanticipated and frequent additions requested by Jollie.

25. Consequently, the parties extended the term of the 2009 Agreement through subsequent modifications and continued to govern themselves according to the agreement up through and including May 2016.

26. Most of the work done by Pedersen on the Gaming Platform during 2012, 2013 and 2014 was hardware-related interface and cosmetic "tweak" issues that Jollie requested, but which really had nothing to do with completion of the platform itself.

27. The Gaming Platform was completed in and around 2014 and is fully operational and can be incorporated into machines as anticipated. The logic, setup, game play, security, graphics and audio programming are all completed. The software will load, display, and run with any set of graphics and sound effects/music (so long as they are the same in number and size, and are compatible with the platform, i.e., 800x600 screen resolution required by platform). A multi-game aspect, using the same executable, is also possible by simply replacing the graphics and sound files with different ones.

28. Between 2014-2016, Pedersen continued making cosmetic "tweaks" to the Gaming Platform as requested by Jollie, but which really had nothing to do with completion of the platform itself.

29. Notwithstanding Pedersen's delivery of an operational Gaming Platform, thereby fulfilling Pedersen's obligations under the 2009 Agreement, Defendants have failed to fulfill their obligations under the 2009 Agreement.

30. Pedersen has only been paid a portion of that which was promised to him under the 2009 Agreement.

31. As for the ongoing royalties, Pedersen has only been paid royalties on four (4) of the eight (8) machines sold.

32. Moreover, Defendants' commitments to provide Pedersen and Mr. Hugues Jerome with ownership in Defendant NewCherryMaster or Xtreme and a percentage of profits

never materialized, which were promised by Defendants in exchange for extended engineering services by Pedersen.

33. Unfortunately, in and around 2016, the relationship between the parties began to deteriorate.

34. On or about May 3, 2016, Jollie claimed complete and absolute ownership to the Gaming Platform, including all copyrights, refused to pay any of the amounts due and owing to Pedersen, and threatened to sue Pedersen for "theft of intellectual property."

35. Pedersen has suffered substantial monetary damages as a result of Defendants' unlawful conduct, including, but not limited to, not being paid fully under 2009 Agreement, including the based amount, income arising from royalties, as well as licensing opportunities and other monies generated from the Gaming Platform.

## COUNT I
## DECLARATORY RELIEF

36. Pedersen incorporates each of the allegations in the foregoing paragraphs as though fully set forth herein.

37. A substantial controversy exists between Pedersen on the one hand and Defendants on the other, as to whether Pedersen owns the copyrights in the Gaming Platform.

38. A declaration by the Court would terminate the controversy between Pedersen and Defendants.

39. This Court has the power to declare the rights, status, and other legal relations between the parties.

40. Pedersen seeks a declaration that he is the author and qualified copyright claimant of the Gaming Platform, which includes, but is not limited to, the "WinEngine Game Results Generator," "Gaming Platform Game Template," and the "Piste Game Presentation Engine."

## COUNT II
## BREACH OF CONTRACT

41. Pedersen incorporates each of the allegations in the foregoing paragraphs as though fully set forth herein.

42. Pedersen and Defendants entered into a valid contract, the 2009 Agreement, which was amended by way of mutual agreement thereafter.

43. Pedersen performed according to the terms of the 2009 Agreement by completing the Gaming Platform.

44. Defendants, and each of them, breached the 2009 Agreement by failing to pay Pedersen the entire amount owed under the contract, including the remaining base pay, royalties, and a percentage of profits and ownership in Defendants NewCherryMaster and/or Xtreme Gaming.

45. Pedersen sustained damages as a result of Defendants', and each of their, breach by failing to fulfill their obligations under the 2009 Agreement.

46. Pedersen is entitled to damages resulting from Defendants', and each of their, breaches.

## COUNT III
## UNJUST ENRICHMENT

47. Pedersen incorporates each of the allegations in the foregoing paragraphs as though fully set forth herein.

48. As set forth above, Pedersen has conferred benefits upon Defendants, and each of them, by virtue of creating the Gaming Platform. Defendants, and each of them, had knowledge or an appreciation of these benefits, have clearly benefited from them, and continue to benefit from them, all to Pedersen's detriment.

49. Defendants, and each of them, have accepted and retained these benefits under circumstances that would make it unfair and unjust for them to continue to retain them without fair and just payment of their value to Pedersen.

50. Under the circumstances described herein, it would be inequitable for Defendants, and each of them, to retain such ill-gotten benefits without paying Pedersen the value of those benefits.

51. As a result of Defendants', and each of their, foregoing failures, Defendants, and each of them, have received, directly or indirectly, funds to which he or it is not entitled, in amounts to be determined at trial, and has been unjustly enriched thereby.

52. Defendants, and each of them, hold said funds in trust for Pedersen, the rightful owner, and are liable to pay and transfer same to Pedersen.

53. Pedersen is entitled to, and requests, judgment against Defendants, and each of them, for Pedersen's damages, together with pre-judgment and post-judgment interest, costs, imposition of a constructive trust, and other just and proper relief.

## **JURY DEMAND**

Pedersen demands a trial by jury on all matters and issues triable by a jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Pedersen respectfully prays that the Court grant the following relief:

1. That the Court enter a Declaratory Judgment in favor of Pedersen, and against Defendants Jollie, NewCherryMaster, and Xtreme Gaming decreeing as follows:

    a. That Pedersen is the sole author and qualified copyright claimant of the source code under the "WinEngine Game Results Generator" copyright application pursuant to 17 U.S.C. § 101;

b. That Pedersen is the sole author and qualified copyright claimant of the source code under the "Gaming Platform Game Template" copyright application under 17 U.S.C. § 101;

c. That Pedersen and Hugues Jerome are the only "joint authors" and qualified copyright claimants of the source code under the "Piste Game Presentation Engine" copyright application pursuant to 17 U.S.C. § 101;

d. That the Gaming Platform is not a "work made for hire" pursuant to 17 U.S.C. §§ 201 & 204; and

e. That Pedersen owns all respective rights, title, and interests to the Gaming Platform pursuant to 17 U.S.C. §§ 201 & 204.

2. That Pedersen be awarded direct damages, and foreseeable consequential damages, in amounts to be determined through discovery, or at trial, resulting from Defendants' and each of their, breaches of contract, together with prejudgment and post-judgment interest, as provided by law;

3. That the Court order Defendants, and each of them, to specifically perform their contract with Pedersen and cause them to pay Pedersen the entire amount owed under the 2009 Agreement and subsequent modifications, including the remaining base pay, royalties, and a percentage of profits and ownership in Defendant NewCherryMaster;

4. That Judgment be entered against Defendants Jollie and NewCherryMaster, and each of them, for a sum to be determined in the accounting, together with prejudgment and post-judgment interest, as provided by law;

5. That the Court order Defendants, and each of them, to disgorge any profits arising from their breach of the 2009 Agreement and subsequent modifications;

6. An accounting and award of compensatory damages, including, but not limited to, Defendants' profits and an award of damages sustained by Pedersen as a result of Defendants', and each of their, willful and wrongful acts in breach of their covenant of good faith and fair dealing.

7. A finding that Defendants', and each of their, breach was willful, wanton, and intentional;

8. An award to Pedersen of his costs and reasonable attorneys' fees; and

9. Such other and further relief as the Court may deem just and equitable under the circumstances.

Dated this 5th day of July, 2016.

**MICHAEL BEST & FRIEDRICH LLP**

By: *s/ Katherine W. Schill*
Katherine W. Schill, SBN 1025887
100 East Wisconsin Avenue, Ste. 3300
Milwaukee, WI 53202-4108
Ph: 414.271.6560
Fax: 414.277.0656
Email: kwschill@michaelbest.com

**DICKINSON WRIGHT PLLC**
John L. Krieger (admission pending)
Nevada Bar No. 6023
8363 West Sunset Road, Ste. 200
Las Vegas, NV 89113-2210
Ph: 702.550.4400
Fax: 702.382.1661
Email: jkrieger@dickinson-wright.com

*Attorneys for Plaintiff*
*David Pedersen*

209876-0001\19293129.1